## ACKER v. STATE.

|    |     |
|----|-----|
| 52 | 259 |
| 58 | 595 |
| 52 | 259 |
| 62 | 458 |

1. A statement of facts which is unauthenticated and is prefixed to the charge of the trial judge, will not be judicially noticed by a court of errors.

2. It is not error for a court to refuse to charge that the defendant is entitled to " a reasonable doubt upon every and any question of fact in the cause."

3. A judgment will not be sustained on error on a record that fails to show a legal trial and judgment in the court below.

4. In such case the court will withhold its judgment so as to give the prosecutor an opportunity to make application to have the record amended.

---

On error to the Mercer Quarter Sessions.

Argued at November Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the plaintiff in error, *C. H. Beasley* and *H. N. Barton.*

For the state, *Bayard Stockton, Prosecutor of the Pleas.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  The principal objections taken to the proceedings in the trial court in this case, relate to the selection and empaneling of the jury.

But an insuperable difficulty debars the court from all consideration of the questions thus sought to be raised. That difficulty is, that the facts or occurrences that it is assumed constituted the methods adopted in putting a jury in the box,

have not been presented to us in a form that entitle them to be noticed by this court. They appear in a statement that prefaces the charge of the judge to the jury, but that narration is no part of the record, nor is it comprised in any bill of exceptions. Such a history of the events of the trial is entirely destitute of all marks of a legal authentication. Even if the litigants, through the medium of their counsel, had formally assented to the truth of the facts set forth, they could not have entered into our consideration of the legal issues before us.

The consequence is, that all the exceptions of the kind above referred to are out of the case, as they have no foundation in the facts of the case so far as is known to this court.

It may not, however, be amiss to say, that the exceptions in question could not have availed the plaintiff in error, as they were not interposed at a proper stage of the proceedings. They all relate, as has been said, to the way in which the jury was chosen and qualified; and every objection of that character must be put in before the jury is sworn. Nothing could be more unreasonable than to allow them to be made for the first time after a verdict against the defendant. If this were the law, it is obvious that no sagacious counsel would ever interpose them at an earlier stage in the cause.

The second objection, that the trial judge misstated in his charge important parts of the evidence, and assumed that facts existed which had no place in the proofs, is subject to the difficulty first above stated. We have no facts before us with which we can compare the judicial statement.

The only question properly presented to our attention is the refusal of the trial judge to charge according to the request of the counsel of the defendant on a matter of law. This matter is comprised in a bill of exceptions. That request was thus expressed: "That while the shooting is admitted by the defendant, he is still entitled to the reasonable doubt upon every and any question of fact in the cause." What the judge said in response to this demand may have been somewhat objectionable; but the instruction thus given was not made the subject of exception; on the contrary, the exception was taken only to

his rejection of the proposition of counsel. In this non-compliance he was plainly right; the rule of law as propounded was much too broad; it embraced every item, immaterial as well as that which was essential; it was calculated to lead the jury astray.

So far as appears, there was no error in the course of law pursued at the trial.

Nevertheless, as the record before us now stands, and unless it can be and is amended, the judgment must be reversed. We have before us making up what was designed to be a judgment record, composed of disjointed and imperfect fragments from the minutes of the Sessions. These memoranda are defective and incomplete in many respects. Indeed, one of their statements imports that only a part of the jury were sworn. It is impossible to treat such a farrago as the record of a judgment in a criminal case.

The court will withhold its judgment until the prosecutor shall have had an opportunity to apply for an amendment of the record.